# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-761V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
RAYMOND BIELAK,                               *        Chief Special Master Corcoran
                                              *
                Petitioner,                   *
        v.                                    *        Filed: May 4, 2023
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
                Respondent.                   *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Joseph A. Vuckovich*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.

*Ronalda E. Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On May 31, 2018, Raymond Bielak filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] (ECF No. 1). Petitioner alleged that the pneumococcal vaccine (marketed under the tradename "Prevnar-13") he received on September 22, 2015, caused him to develop Guillain-Barré syndrome ("GBS"). A two-day entitlement hearing in the matter was held in Washington, D.C., from April 12–13, 2022. On December 9, 2022, I issued my decision denying entitlement. Decision, dated Dec. 9, 2022 (ECF No. 76) ("Decision"). No further appeals were taken.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 30, 2023 (ECF No. 81) ("Final Fees Mot."). Petitioner requests a total of $257,170.16,

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has fourteen days to identify and move to redact from the Decision medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Otherwise, the whole Decision will be available to the public.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

reflecting $219,910.20 in fees incurred for the services of Mr. Joseph Vuckovich and other Maglio firm attorneys, and several paralegals, plus $37,259.96 in costs. Final Fees Mot. at 1. Respondent reacted to the final fees request on April 13, 2023. Response, dated Apr. 13, 2023 (ECF No. 82) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. On April 19, 2023, Petitioner filed a reply, arguing that Respondent's reaction to the fees request was overly burdensome to the Court and prejudices Petitioner. *See* Reply, dated Apr. 19, 2023 (ECF No. 83) at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$257,170.16**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner did not succeed on his claim, it unquestionably had an underlying objective fact basis. Core facts supportive of the claim existed, and the theory involved is one that has resulted in disparate outcomes among the special masters, underscoring the extent to which the case was reasonably pursued. And since I find no other independent reason for denying fees, I shall permit a final award herein.

## II.      Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| Attorney | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|
| **Altom Maglio (Attorney)** | -- | $362.00 | -- | -- | -- | $445.00 | -- | -- |
| **Anne Toale (Attorney)** | -- | -- | -- | -- | -- | -- | $500.00 | -- |
| **Danielle Strait (Attorney)** | $300.00 | -- | -- | -- | -- | -- | -- | -- |
| **Jessica Olins (Attorney)** | -- | -- | -- | -- | -- | -- | $290.00 | -- |
| **Joseph Vuckovich (Attorney)** | -- | $290.00 | $300.00 | $315.00 | $345.00 | $370.00 | $385.00 | $415.00 |
| **Paralegals** | $135.00 | $145.00 | $148.00 | $154.00 | $160.00 | $165.00 | $170.00 | $180.00 |

ECF No. 81-1 at 93–94.

Mr. Vuckovich and the other Maglio Firm attorneys participating in this case practice in Washington, D.C., which is within the forum.[5] Accordingly, they are entitled to the rates established in *McCulloch. See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). And the rates requested for all attorneys and paralegals are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[6] *Dearing v. Sec'y of Health & Hum. Servs.*, No. 14-289V, 2016 WL 7451349 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (awarding Ms. Strait $300.00 per hour for 2016 work); *Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129 (Fed. Cl. Spec. Mstr. Apr. 5, 2022) (awarding Mr. Vuckovich's rates from 2017–22 and Ms. Olin's 2022 requested rate); *Paul v. Sec'y of Health & Hum. Servs.*, No. 19-797V, 2022 WL 17819290 (Fed. Cl. Spec. Mstr. Nov. 8, 2022) (awarding Ms. Toale's 2022 requested rate). I thus find no cause to reduce them in this instance. I deem the time devoted to the matter reasonable as well, and will therefore award it without adjustment.

---

[5] This is the case despite the fact that the Maglio Firm's primary office is in Florida. *Dezern v. Sec'y of Health & Hum. Servs.*, No. 13-643V, 2016 WL 6678496, at *4 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

[6] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited May 4, 2023).

### III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying it. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $37,259.96 in outstanding costs, including the filing fee, postage, shipping, medical record retrieval costs, and costs associated with the work of three experts: Sami Khella, M.D., Kazim Ali Sheikh, M.D., and Marc Serota, M.D. Dr. Khella reviewed Petitioner's medical records and relevant medical literature, authored one expert report, and testified in the matter. Dr. Khella received a retainer of $2,500.00 and submitted an invoice for an overall balance after retainer of $7,050.00 (at an hourly rate of $500.00 for 8.1 hours of work, not including the hours spent testifying at hearing). Dr. Sheikh received a retainer of $2,500.00 but offered no additional professional services in the matter. Lastly, Dr. Serota reviewed Petitioner's medical records and relevant medical literature, authored two expert reports, and testified in the matter. Dr. Serota received a retainer of $2,000.00 and submitted two invoices for an overall balance after retainer of $15,700.00 (at an hourly rate of $400.00 for 44.25 hours of work).

The total amount for the services of these experts was wholly reasonable for the work performed, and I do not find any reason to make any reductions. In addition, all other incurred litigation costs were reasonable. Thus, they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$257,170.16**, reflecting $219,910.20 in attorney's fees and $37,259.96 in costs, in the form of a check made jointly payable to Petitioner and his attorneys. Petitioner requests that payment be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.